Filed 10/29/13  P. v. Taylor CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
| --- | --- |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DAVID TAYLOR,<br><br>     Defendant and Appellant. | B247962<br><br>(Los Angeles County<br>Super. Ct. No. KA021660) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Michael David Taylor, in pro. per.; Jonathan B. Steiner and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Michael David Taylor appeals from an order denying his petition for recall of his indeterminate life term, under Penal Code section 1170.126, subdivision (b).[1] We affirm the order.

Taylor was convicted on August 10, 1994 of second degree robbery (count 1) and attempted second degree robbery (count 2), and received a consecutive sentence of 25 years to life on each count.[2] The court resentenced Taylor on August 26, 1996, adding 10 years to his sentence for two prior robbery convictions (in 1984 and 1988) pursuant to section 667, subdivision (a)(1).

On November 6, 2012, the California electorate passed Proposition 36 (the Three Strikes Reform Act) and enacted section 1170.126, which in subdivision (f) permits defendants serving indeterminate life terms under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. Subdivision (e) of the statute provides that a defendant is eligible for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of section 667.5 or subdivision (c) of Section 1192.7."

On December 3, 2012, Taylor filed a petition for modification of his sentence pursuant to Proposition 36. The court denied Taylor's petition on January 22, 2013, because Taylor's offenses were serious and/or violent felonies.

Taylor filed a timely notice of appeal, and we appointed counsel to represent him. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Taylor filed a supplemental brief and other filings, all of which we have considered.

---

[1] All statutory references are to the Penal Code.

[2] The facts underlying Taylor's conviction are not material to the issue in this appeal.

Robbery is a violent and a serious felony, and attempted robbery is a serious felony. (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).) Taylor's 1994 convictions for second degree robbery and attempted second degree robbery were for offenses that are "serious and/or violent felonies," and so he was not eligible for resentencing pursuant to section 1170.126, subdivision (f).

Taylor also challenges his guilty plea in the 1988 robbery conviction that served as one of the prior convictions in his 1996 resentencing, and asks us to order a hearing on whether to strike that prior conviction. This issue cannot be raised for the first time on this appeal from the denial of his petition for modification of his sentence for his 1994 conviction, in which he argued only that robbery is not classified as a serious felony.[3] Taylor also argues that at the time of his 1994 conviction, the plain meaning of the term "robbery" in section 1192.7, subdivision (c)(19) was "armed robbery." The plain meaning of "robbery," however, is simply robbery.

We have examined the entire record and are satisfied that Taylor's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

MALLANO, P. J.              ROTHSCHILD, J.

---

[3] We therefore deny Taylor's motion for discovery pursuant to Penal Code section 1054.9 regarding his 1988 conviction.

3